# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| David W. Pope,<br>　　Plaintiff,<br><br>　　v.<br><br>Patricia Coyne-Fague,<br>　　Defendant. | C.A. No. 1:19-cv-399-MSM-PAS |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

The Court has before it a Motion to Dismiss (ECF No. 7) filed by the defendant in response to the Petition for Writ of Habeas Corpus (ECF No. 1) filed pursuant to 28 U.S.C. §2254 by David W. Pope. The defendant makes two claims: that the petition was untimely filed under the Antiterrorism and Effective Death Penalty Act (hereafter "AEDPA") and that the petitioner failed to exhaust his claims through the state courts. The AEDPA, in 28 U.S.C. 2244(d)(1), requires that a habeas petition brought by a person in state custody be filed within one (1) year of the time state proceedings reach final judgment. Federal law also requires that, before a state prisoner can obtain review in federal court, s/he must have exhausted all state court remedies. 28 U.S.C. §2254(b)(1)(A). Exhaustion means having fairly presented the same claim to the state courts. *Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir. 2000).

I find that Mr. Pope has filed a timely petition. The action that he complains of is the vacating on August 23, 2018, by a state superior court judge, of a previous order granting him certain awaiting trial time while he was in home confinement. (ECF #1-1, p. 15). He sought state court review by certiorari of that ruling. Certiorari was denied on May 28, 2019 (ECF #1-1, p. 1), and he filed this §2254 action on July 24, 2019. Mr. Pope's situation is similar to the one litigated in *Spivey v. Rhode Island*, No. CA 12-33-S, 2012 WL 3789444 (D.R.I. June 29, 2012). There, although Spivey's petition was still filed too late, the one-year period was computed from the time that the state's changed method of calculating good time was applied to him.[1]

I do find, however, that Mr. Pope has failed to exhaust his state court remedies. In this Court he contends that the superior court's August 23rd action was without legal authority and constituted a violation of federal due process. In the state courts, however, his claim was solely that the superior court lacked authority under Rhode Island law. Nowhere in the transcript of proceedings before the state judge (ECF #1-1, pp. 35 - 43) or in the paperwork seeking certiorari is there any mention of a due process claim.[2] Even though no magic words need be used, the federal claim must be

---

[1] The defendant would have the one-year period begin with Pope's conviction and sentencing in state court on June 5, 2015. But Mr. Pope does not challenge either his conviction or sentence. It is nonsensical to begin the year period at that time, when he had nothing to complain about until his awaiting trial time was taken away by the August 23, 2018, superior court Order.

[2] Pope presented two questions to the Rhode Island Supreme Court: "1. Under Rhode Island law, does the Superior Court have the authority to review its own alleged error of law? 2. Under Rhode Island law, can a motion for relief from judgment or a motion to reconsider serve as a substitute for a party's failure to file a timely appeal?" (ECF #1-1, pp. 2-13).

2

presented "fairly and recognizably [in a way] to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Clements*, 485 F.3d at 162 (quoting *Casella v. Clemons*, 207 F.3d 18, 20 (1st Cir. 2000)). The fleeting reference to "justice and fundamental fairness" in the concluding paragraph of the Petition for Writ of Certiorari did not squarely present a due process claim to the state court.

Therefore, the state's Motion to Dismiss is GRANTED, and the Petition for Writ of Habeas Corpus is hereby DISMISSED.

IT IS SO ORDERED.

/s/ Mary S. McElroy
Mary S. McElroy
United States District Judge

1/2/2020